DETWILLER v. THE MAYOR, ETC., OF NEW YORK, appellants.

*Municipal appropriations — New York city — fire-works — advertising for bids — contracts by committees — act of 1866 — charter of 1857 — duties of contractor with city.*

The common council of New York in June, 1869, appointed a special committee to make arrangements for celebrating the fourth of July, and appropriated $30,000 to pay the expenses, to be taken from the appropriation for city contingencies. The committee purchased a quantity of fire-works, which were used in the celebration, from plaintiffs who were manufacturers of fire-works. In an action against the city to recover the price of such fire-works;

*Held,* that the articles being of a peculiar character, depending entirely upon the skill of the manufacturers, the committee were warranted in making the contract without advertising for and receiving bids upon the work.

*Held,* also, that the provision in the act of 1866 requiring money applicable to the payment of the claims was only operative as to the year for which it was passed, and did not apply subsequently.

Section 7 of the charter of 1857, relating to advertising for proposals, etc., was intended to apply to proceedings affecting the real estate of the city, and does not apply to an article purchased for the city, under a resolution of the common council.

The 28th section of the charter of 1857 requiring an appropriation to be previously made for any expense incurred by a department or officer of the city, did not apply to the purchase in question; that was not made by a department or officer, but by a special committee.

There was an appropriation for the purchase. The fact that the amount was to be taken from the sum appropriated for city contingencies did not impose

on plaintiff the duty of ascertaining how much of that sum was unexpended. The reference to the source from which the money was to be taken was merely directory, and did not affect plaintiff's right to pay for the goods furnished.

THIS is an appeal from order denying defendants' motion for a new trial on the judge's minutes. This action was brought by the assignee of Lillienthal & Co., for fire-works sold and delivered by that firm to the defendants on July 4, 1869, for the agreed price of $22,000. Defendants deny the purchase of the fire-works, or that any money was appropriated by the common council to pay therefor, and aver that there is not now, nor has there been, any money in the treasury of defendants applicable or appropriated to the payment of plaintiffs' claim. Defendants moved on the trial to dismiss the complaint, on the grounds stated in the opinion, which motion was denied, and a verdict rendered for plaintiff for the full amount of his claim.

*E. Delafield Smith*, counsel to the corporation, for appellants. The only legal mode of contracting with defendants for the payment of supplies furnished to them, was by compliance with section 38, charter of 1857; Valentine's Laws, p. 278; *Donovan* v. *Mayor*, 3 N. Y. 293. *Harlem Gas Co.* v. *Mayor*, 33 id. 309, does not apply, as there was here no public emergency, and competitive offers could have been procured. It should have been proved that there was money in the treasury applicable to this claim in pursuance of Act of 1866. *Tribune* v. *Mayor*, 48 Barb. 240. Proper advertisement was not made. Valentine's Laws, 269. The plaintiff can recover only on a complete contract, specifying price of goods, etc., in detail. 20 N. Y. 717; 22 id. 162.

*Simon Sterne*, for respondent, cites *Jones* v. *Mayor*, 7 Robt. 212; § 7 of Act of 1857, does not apply. *Harlem Gas-light Co.* v. *Mayor*, 33 N. Y. 309; § 10 chap. 876, Laws of 1866, and §§ 5 and 6 of chap. 586 of Laws 1867, are unconstitutional within article 3, section 16 of constitution.

INGRAHAM, P. J. This action was brought to recover for fireworks furnished to the defendants on July 4th, 1869. There was no specific contract for the price to be paid, but a resolution was passed by the common counsel and approved by the mayor June 16, 1869, appointing a special committee to make arrangements to celebrate the anniversary of American Independence, and appropriating

$30,000 to pay the expenses, to be taken from the appropriation for city contingencies. Under this resolution the committee authorized the firm of Lillienthal & Co. to furnish $22,000 worth of fireworks for the purpose therein mentioned. The proof shows the delivery of the fire-works and their value to be $22,000. The defense was based upon the statutory prohibitions as to contracts and the expenditures of money without appropriation which will be noticed hereafter. They were severally overruled upon the trial and the jury rendered a verdict for the plaintiff. The defendants appealed.

Under ordinary circumstances the proof on the part of the plaintiff was amply sufficient to establish a good cause of action in favor of plaintiff, who was the assignee of Lillienthal & Co., for whatever was shown to be the value of the articles furnished under the authority of the committee. The defendants moved for a dismissal of the complaint on the following grounds: 1st. That the amount involved exceeded $250, and should therefore have been done by contract after the reception of bids therefor. 2d. That there was no money in the treasury applicable to the plaintiff's claim. These were overruled. It was also objected that the resolution was not duly published, and that no sufficient appropriation had ever been made as required by the charter of 1857 (Laws of 1857, chap. 886) and the act of 1866. (Laws 1866, chap. 876, § 10.)

As to the first objection it seems to be sufficient to say that this contract was for articles of a peculiar character depending entirely on the skill of the manufacturers, and for which a general advertisement for proposals could not well be made. The same principles which sustained the contract in the case of the Harlem Gas Co. would be applicable here and would warrant the making of this contract without receiving bids to do the work.

As to the second objection that there was no money in the treasury applicable to the payment of this claim in pursuance of the act of 1866. In *Quinn* v. *The Mayor, etc.*, this section was held to be only operative as to the year for which it was passed and that it did not apply subsequently. This case was affirmed in general term and in the court of appeals.

The next objection is that the resolution under which these articles were furnished to the city was not advertised, in pursuance of section 7 of the charter of 1857.

That section only applies to resolutions and reports of committees, which recommend any .specific improvement involving the

appropriation of public moneys or the taxing or assessing of the citizens of the city. The present resolution is not within the terms of this section. It does not recommend any specific improvement, nor does it tax or assess the citizens of the city.

That section was intended to apply to proceedings affecting the real estate of the city, such as improving the streets or squares, and to similar improvements, which were to be paid for by an appropriation of public money or by assessment upon the property of individuals. It does not apply to an article purchased for the city, under a resolution passed by the common council.

The remaining objection is, that there was no proof that there was money in the treasury applicable to the payment of this claim which had been appropriated therefor. The words of the twenty-eighth section of the charter of 1857 are: "No expense shall be incurred by any of the departments or officers thereof, whether the object of expenditure shall have been ordered by the common council or not, unless an appropriation shall have been previously made covering such expense."

It is clear that this expenditure was not incurred by any head of a department or any officer of the city. It was incurred by a committee of the two boards, under a resolution of the common council. It was entirely independent of any department or of any officer of the city government. As such, it does not come within the provisions of the section, nor was any thing therein applicable to the claim now in controversy.

The objection that there was no appropriation for this expenditure is answered by the resolution itself, which appropriates the sum of $30,000 for the purposes contemplated in the resolution. It is true that it directs the sum to be taken from that of county contingencies, but I do not think it was the duty of the plaintiff to inquire further than to see if the appropriation was duly made. He was not bound to go further and examine the books to ascertain how much of that appropriation remained unexpended. That reference to the source from which the money was to be obtained was merely directory, and, as such, did not affect the right of the plaintiff to be paid for the goods furnished.

There was no error on the trial for which the judgment should be reversed.

*Judgment affirmed, with costs.*

BRADY, J., concurred.